IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOR UNDERWRITING
LIMITED,

    Plaintiff,

CIVIL ACTION NO. 8:19-cv-2066

v.

RYRY'S RESTAURANT GROUP,
INC.; DUCLAS MORTUME;
SAMONE SCOTT; KRISLEY
ANTOINE; JAVANTA HALL, and
TYAHNA CAMPBELL,

    Defendants.
_____/

## PLAINTIFF'S OBJECTION TO DEFENDANT DUCLAS MORTUME'S MOTION TO RE-OPEN ACTION

Plaintiff, SCOR UNDERWRITING LIMITED, by and through undersigned counsel and pursuant the Court's May 3, 2021, order, see Doc. 46, hereby responds and objects to the Motion to Re-Open Action filed by Defendant DUCLAS MORTUME ("Mortume") on April 30, 2021. See Doc.

There is no good cause to open this action because there is no live case or controversy, which only existed between the parties to the insurance policy at issue, SCOR and RYRY. SCOR and RYRY have since settled their insurance dispute. Mortume, who was brought into this action (in name only) to ensure complete relief in the event of a judgment (there are no causes of action against him), simply wants to open this action to know the terms of settlement. In effect, there is nothing for this Court

1

to open. The parties to the coverage dispute have resolved the case and have finalized the settlement. In further support of the objection, SCOR states as follows:

1. This is a 2019 declaratory judgment action where SCOR sought a declaration of its duties, rights, and obligations under a policy of insurance issued to Defendant RYRY's Restaurant Group, Inc. ("RYRY") based on third-party claims and/or lawsuits brought by underlying plaintiffs, Duclas Mortume, Samone Scott, Krisley Antoine, Javanta Hall, and Tyahna Campbell (collectively, the "Underlying Plaintiffs") in state court. See Doc. 1.

2. There are no causes of action against Mortume, or anyone else for that matter, other than RYRY.

3. On March 3, 2021, SCOR filed a Notice of Settlement advising that the parties settled the above-styled matter. See Doc. 43. SCOR and RYRY have completed the settlement of their insurance dispute.

4. The Court then entered an order later that day dismissing the action without prejudice and providing the parties with the right to, "within sixty (60) days … submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, *upon good cause shown*." Doc. 44 (emphasis supplied.)

5. On April 30, 2021, Mortume filed a four-paragraph "Motion to Re-Open Action, and Incorporated Memorandum of Law." See Doc. 45.

6. On May 3, 2021, Mortume filed a "Supplement to His Motion to Re-Open Action, and Incorporated Memorandum of Law," and advised the Court that "Samone Scott, Krisley Antoine, and Javanta Hall agree that MORTUME's Motion to Re-Open Action should be granted." See Doc. 47.[1]

7. Mortume fails to establish any good cause to reopen the case. Mortume argues that he was not included in any settlement negotiations, and that he has a "significant interest" – whatever that may mean – "in knowing whether and to what extent there is insurance coverage for the incident in which he was injured," and will suffer "irreparable harm" – again, whatever that may mean – "as he will be left with no way to determine whether there is coverage, and with no way to enforce coverage." See Doc. 45. Notably, Mortume does not objecct to the settlement itself, because he cannot. He is not a party to the insurance contract between SCOR and RYRY.

8. Instead, Mortume simply wishes this Court to open a previously closed case because he would like to know the terms of the settlement to which he was not a party.

9. Mortume cites to no case law in support of his position.

10. Although the Underlying Plaintiffs were not parties to the insurance contract between SCOR and RYRY, "[a]s the injured parties, [they] have an interest in this declaratory judgment action, and their inclusion *is permissible* under Florida law."

---

[1] Despite the caption of the motion and the supplement, Mortume never actually filed a supporting memorandum of law. And no one else moved to reopen the action within the sixty (60) deadline imposed by the Court in its March 3, 2021, Order.

Auto–Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc., 2009 WL 3446745, *2 (M.D. Fla. Oct.21, 2009) (emphasis added). In this case, Mortume, as one of the Underlying Plaintiffs, was only included in the insurance controversy between SCOR and RYRY to ensure that any judgment in the declaratory judgment would be binding against him.

11. But that is where the Underlying Plaintiffs' inclusion ends. First, because SCOR settled its action, there is no "declaratory judgment" regarding SCOR's obligations—or lack thereof—under the policy. Cf. Capitol Specialty Ins. Corp. v. R.G. Rancho Grande Corp., 09-22685-CIV, 2010 WL 1541187, at *1 (S.D. Fla. Apr. 16, 2010); Indep. Fire Ins. Co. v. Paulekas, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action.").

12. Second, Mortume is not entitled to a right to know "to what extent there is insurance coverage for the incident in which he was injured," in this action at this time. To this point, SCOR and RYRY negotiated a confidential settlement of any and all disputes arising from the insurance policy between them. Moreover, SCOR's request for a declaration regarding its duty to defend was ripe, but any potential duty to indemnify the Underlying Plaintiffs is not ripe until there are final determinations of liability in the actions brought by the Underlying Plaintiffs. See Amerisure Ins. Co. v. Acousti Eng'g Co. of Fla., 610CV863ORL31GJK, 2011 WL 13298703, at *3 (M.D. Fla. Mar. 8, 2011). Further, a dismissal of SCOR's declaratory judgment action in this Court does not prevent the Underlying Plaintiffs from propounding discovery in the state court causes

of action to try and obtain the terms of this settlement, or to obtain a copy of RYRY's insurance policy with SCOR and information concerning the policy limits.

13. Third, Mortume's mere dislike of being left out of settlement negotiations should not prevent SCOR from resolving an action it no longer wants to pursue and that the only defendant against whom claims were made (RYRY), no longer wishes to defend. Federal Rule of Civil Procedure 41(a)(2) entitles SCOR to request the Court dismiss the action, and the Court simply moved the process along faster by entering an order of dismissal once SCOR filed a Notice of Settlement. But under Mortume's reasoning, he wants to use limited Court resources to force an unwilling plaintiff to reopen this case simply to find out what the terms of a previously settled case were.

14. This is not good cause, and thus Mortume's Motion to Re-Open should be denied.

WHEREFORE, Plaintiff SCOR UNDERWRITING LIMITED respectfully requests that this Honorable Court deny Defendant Mortume's Motion to Re-Open Action, dismiss the action with prejudice pursuant to its March 3, 2021 Order, and award any other relief deemed just and appropriate.

Dated: May 7, 2021

Respectfully submitted,

*/s/ Christian M. Gunneson*
VINCENT P. BEILMAN III, ESQ.
Florida Bar No. 23966
CHRISTIAN M. GUNNESON, ESQ.
Florida Bar No. 123823
WOOD, SMITH, HENNING & BERMAN LLP
1501 S. Church Ave, Suite 200
Tampa, Florida 33629
Telephone: 813-422-6910
Fax: 813-425-6983
vbeilman@wshblaw.com
cgunneson@wshblaw.com
tpebler@wshblaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christian M. Gunneson*
**CHRISTIAN M. GUNNESON, ESQ.**